FILED & ENTERED

NOV 10 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Remy       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Thomas D'Arco<br><br><br>                                            Debtor(s). | Case No.: 1:12-bk-18255-MT<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION RE MOTION TO VACATE DISMISSAL**<br><br>Date:        October 28, 2014<br>Time:       1:00 p.m.<br>Courtroom: 302 |

    Debtor moves to vacate dismissal of his chapter 13 case. Based on the history of the case, discussed below, the motion is denied.

    On September 17, 2012, Thomas D'Arco ("Debtor") filed this chapter 13 case and plan. On November 19, 2012, chapter 13 trustee Elizabeth Rojas ("Trustee") filed her objections to the confirmation of Debtor's proposed chapter 13 plan. For instance, Trustee pointed out best efforts issues related to undisclosed income and how Debtor's assets were valued. Trustee was, however, amenable to continuing the confirmation hearings, provided Debtor stayed current with his payments to Trustee so that the adversary proceeding and state court appeal related to the claim of the main objecting creditor, Thomas Misik, could be completed.

Hearings on Debtor's proposed plan were held on December 18, 2012, January 29, 2013, March 26, 2013, June 25, 2013, September 24, 2013, December 17, 2013, February 26, 2014, and June 24, 2014.  At the June 25, 2103 hearing, Trustee renewed her objections to Debtor's proposed plan, and the Court instructed Debtor to file declarations with evidence addressing all of Trustee's requested information.

On September 23, 2014, Debtor's counsel informed the Court that he did not file the required declarations because he had a bad headache, including Trustee's request for the 2012 tax returns.  The Court instructed Debtor to file the declarations and provide all documentation to Trustee within 4 weeks (i.e., before October 24, 2013). Debtor did not file the required declarations until December 13, 2013; those declarations did not include the documentation that the Court instructed Debtor to provide.

At the continued confirmation hearing held on February 25, 2014, Debtor apprised the Court of the status of the state court appeal and requested a longer continuance so that the parties could return to the Court after the state court appeal had concluded. Trustee persisted in her objections, to wit: eligibility issues, best efforts issues, problems with the liquidation analysis, no proof of income for 2012 and 2013.

At the June 25, 2014 confirmation hearing, Trustee again raised issues related to Debtor's failure to tender documents related to her objections, adding that now the 2013 tax returns were delinquent.  Trustee pointed out that this case had been going for almost two years, and Debtor was still unable to provide to her information related to his income, assets and profit and loss statements for his law practice, and objections to Debtor's claimed exemption in the state court litigation.  Debtor, for his part, requested the confirmation hearing be continued to August because he represented that he was ready to file a summary judgment motion in the adversary, and asked the Court to set a date for the summary judgment hearing.  The Court admonished Debtor about providing Trustee all required information, and Debtor replied that he had repeatedly provided the required information.  Trustee reiterated that she needed evidence of all of Debtor's counsel's oral representations.

The Court required a written response to Trustee's objections as to the value of various deeds of trust he holds, for which Debtor stated that he is entitled to receive a stream of payments, and continued the confirmation hearing to September 23, 2014. Per Debtor's request, the Court set September 10, 2014 for the summary judgment hearing. Debtor would have had to have filed his summary judgment motion on or before July 30, 2014 to provide the required 42 day notice period under the Local Bankruptcy Rules. Debtor filed his summary judgment motion on September 9, 2014.

At the September 23, 2014 confirmation hearing, Debtor's counsel had not checked in for either first or second call. Trustee complained that Debtor still had not complied with the Court's instructions to provide Trustee with all required information. The Court noted that this case had been going on for more than two years, and Debtor's counsel had not been diligent in moving the adversary proceeding. Given the deficiencies in Debtor's response to the Trustee, and that Debtor was delinquent in his payment, the Court dismissed the case.

On September 26, 2014, Debtor filed a Motion to Vacate Dismissal (the "Motion to Vacate"). Debtor argues that there is cause to vacate the dismissal because it was an inadvertent error of Debtor's counsel that he miscalendared the date of the continued confirmation hearing. Debtor seeks to vacate the dismissal because he would "no longer be eligible to file under chapter 13 if he filed a new case." Debtor also argues that claims objections and the summary judgment motion (all of which were filed in September 2014) would be moot if the dismissal is not vacated. Debtor believes that "all Plaintiff's counsel's work would also have to be done again."

On October 1, 2014, Trustee filed an opposition to the Motion to Vacate, listing all of the required documents that Debtor had failed to provide over the last two years. Trustee noted that she has filed an objection to confirmation several times during the pendency of the case, but she contends that Debtor's counsel had not responded to her in writing, as instructed by the Court, and the issues raised in the objections have existed since this case was filed. Trustee lists the following items as still missing or

unresolved:

- 2012 & 2013 corporate taxes for all operating businesses;
- 2013/2014 income/expense reports for all operating businesses;
- Debtor's spouse's income is still not disclosed on Sch.I even though evidence has been provided;
- some expenses are unreasonably high and no declaration has been filed w/ an explanation or evidence;
- proof of independent contractor expenses have not been provided as requested;
- all assets (businesses) might not be disclosed (Pasadena Five LLC, MHL Financial Inc.);
- a declaration with actual evidence of all deeds of trusts/notes and explanation of why the notes are worth less than the amount owed on them was not filed with the Court as requested;
- a declaration of business valuation with evidence was not filed with the Court (evidence was provided however, showing that the law practice is valued at $1,143,321);
- personal property is not exempt and may require a higher plan percentage to satisfy the liquidation requirements;
- a lawsuit is improperly exempted at 100% and must be amended to list the actual value of the claimed exemption; and,
- proof that 401k funds withdrawn from Debtor's spouse's account was put back into the 401k account was not provided, however, counsel agreed at a prior confirmation hearing on 6/24/14 that the full amount of the funds withdrawn ($11,125) will be paid to unsecured creditors. This would resolve the Trustee's objection.

**Federal Rule of Civil Procedure 60**

Under Rule 60, the moving party is not permitted to revisit the merits of the underlying order; instead, grounds for reconsideration require a showing that events

subsequent to the entry of the judgment make its enforcement unfair or inappropriate, or that the party was deprived of a fair opportunity to appear and be heard. <u>Wylie</u>, 349 B.R. at 209.

Motions to vacate dismissal orders, or motions to reinstate cases as they are colloquially called, are frequent procedural requests under Chapter 13. Bankruptcy courts are authorized to set aside a final judgment or order, including case dismissal orders, under Fed. R. Bankr.P. 9024, which incorporates Fed.R.Civ.P. 60(b) into practice under the Bankruptcy Code.  Rule 60(b) sets forth six reasons that justify granting relief from a final judgment or order:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Although several clauses of this rule use the term "judgment," under the Bankruptcy Rules "judgment" means any appealable order. Fed.R.Bankr.P. 9001(7). An order of dismissal is an appealable order.  In his Motion to Vacate, Debtor did not cite to any law, so it is unclear which clause of Rule 60(b) he is relying upon in vacating the dismissal order.  Having reviewed the Motion to Vacate, clauses (2), (3), (4), and (5) of Rule 60(b) are clearly inapplicable. The Court will therefore analyze whether either clause (1) or clause (6) of Rule 60(b) authorize the bankruptcy court to vacate its dismissal order.

*Mistake, inadvertence, surprise, or excusable neglect*

Debtor's counsel appropriately takes responsibility for his failure to properly schedule the continued confirmation hearing, and argues that Debtor was not responsible for the case being dismissed. It was not merely because Debtor's counsel's failed to appear at the confirmation hearing that the case was dismissed. Looking at the totality of the circumstances, Debtor has been reminded at each of the eight previous confirmation hearings that he has not been responsive to Trustee's requests for information. In each instance, Debtor's counsel has assured the Court of his future performance, only to come back at the continued hearing to make the same assertions. Debtor did not file a timely response to Trustee's opposition. While the failure to schedule the hearing likely falls within the framework of "excusable neglect," all of the other failings in this case cannot be so easily brushed aside.

*There are no other reasons justifying relief from the operation of the judgment*

The reasons stated by Debtor in the Motion to Vacate are not sufficient to justify vacating the order of dismissal of this case. Trustee raised the issue of Debtor's ineligibility for chapter 13 relief under 11 U.S.C. § 109(e) in her first objection to confirmation, filed in November 2012. Debtor's failure to provide Trustee with all required documentation as to assets, Debtor's wife's income, and valuations of related entities had hampered Trustee's ability to determine whether Debtor is in compliance with all of his duties as a chapter 13 debtor.

Debtor also argues that the claims objections and the summary judgment motion (all of which were filed in September 2014) would be moot if the dismissal is not vacated. Debtor believes that all of the work done in the adversary proceeding will have to be done again. Debtor does not cite any authority for this assertion. The Court understands that all information gathered thus far may be used in a subsequent proceeding, if relevant. Inconvenience to the parties is not a sufficient reason to vacate

a properly dismissed case, and the adversary complaint against Debtor was seeking a determination of dischargeability under § 523 – an issue that is now moot.

In her opposition, Trustee state that it is her belief that this case may have been filed to delay creditors with no intention to propose a confirmable plan. Two years into this case, Trustee still questions whether all assets and income have been disclosed as required. Trustee asserts that in the minimal documents that were actually provided by Debtor show what appears to be significantly higher income than scheduled.  The discrepancy in Debtor's reported income is the reason why Trustee was requesting proof of the independent contractor expenses. Those "independent contractor" expenses were the majority of the expenses listed in the Debtor's 2012 profit & loss statement (totaling $363,009 approximately) which resulted in a low net income for that year. Trustee states that she has not received any current profit & loss statements for 2013 or 2014. Without the information that Trustee has repeatedly requested over the last two years, Trustee has not been able to determine whether this case was filed in bad faith.

It was these issues of insufficient disclosure of information, along with Debtor's counsel's failure to appear and failure to file motions in a timely fashion that ultimately led the Court to dismiss the case. Debtor's apparent inability (or unwillingness) to respond to Trustee's requests for information for more than two years looked less and less like an unorganized Debtor (or counsel) and more like a deliberate stonewalling of Trustee because Debtor knew that he was not eligible for chapter 13 relief.

*Dismissal for Bad Faith*

The dismissal of bankruptcy cases with and without prejudice is authorized by § 349(a):

> (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the

filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

"Cause" for dismissal under § 349 has not been specifically defined by the Bankruptcy Code. For Chapter 13 cases, §§ 1307(c)(1) through (10) provide that the bankruptcy court may convert or dismiss, depending on the best interests of the creditors and the estate, for any of ten enumerated circumstances. Although not specifically listed, bad faith is a "cause" for dismissal under § 1307(c). Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1993) ("A Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11 U.S.C. § 1307(c)."); In re Hopkins, 201 B.R. 993, 995 (Bankr.D.Nev. 1996) (holding that the debtors' filing of frivolous tax returns with no intention to pay taxes warranted dismissal of a Chapter 13 petition for bad faith). Therefore, it follows that a finding of bad faith based on egregious behavior can justify dismissal with prejudice. Tomlin, 105 F.3d at 937; In re Morimoto, 171 B.R. 85, 86 (B.A.P. 9th Cir. 1994); In re Huerta, 137 B.R. 356, 374 (Bankr.C.D.Cal.1992). The Ninth Circuit held that bad faith is "cause" for a dismissal of a Chapter 13 case with prejudice under § 349(a) and § 1307(c). Leavitt v. Soto (In re Leavitt), 171 F.3d 1219 (9th Cir. 1999)

Bad faith, as cause for the dismissal of a Chapter 13 petition with prejudice, involves the application of the "totality of the circumstances" test. Leavitt, 171 F.3d at 1224, citing Eisen, 14 F.3d at 470. The bankruptcy court should consider the following factors:

(1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner," Eisen, 14 F.3d at 470 citing In re Goeb, 675 F.2d 1386, 1391 (9th Cir.1982);

(2) "the debtor's history of filings and dismissals," Id., citing In re Nash, 765 F.2d 1410, 1415 (9th Cir.1985);

(3) whether "the debtor only intended to defeat state court litigation," Id. citing In re Chinichian, 784 F.2d 1440, 1445-46 (9th Cir.1986); and

    (4) whether egregious behavior is present, <u>Tomlin</u>, 105 F.3d at 937; <u>In re Bradley</u>, 38 B.R. 425, 432 (Bankr.C.D.Cal.1984).

<u>Leavitt</u>, 171 F.3d at 1224.

    Applying these factors to the facts of this case demonstrate that the September 23, 2014 dismissal was appropriate. As stated above, Debtor's conduct in this case over the last two years (i.e., failure to provide all required information to Trustee; failure to account for all assets in which Debtor had an interest; failure to accurately report his spouse's income; failure to properly allocate and account for all of his expenses; and failure to file declarations and documentation as directed by the Court) shows that he misrepresented his financial circumstances to remain in a chapter 13 when he was not eligible for such relief. Trustee has been arguing that Debtor is ineligible for chapter 13 since the inception of the case, and only Debtor's lack of candor as to his financial information has prevented the Court from making a factual finding as to his eligibility. In fact, Debtor seems to concede this in his Motion to Vacate, "Debtor seeks to remain in the instant case because he no longer would be eligible to file under chapter 13 if he files a new case." <u>Motion to Vacate</u>, 2:6-7.

    The Court has also raised the issue of Debtor's forum shopping this case to the San Fernando Valley Division of the Central District. Debtor resides in Riverside, California, and his previous address was also in Riverside. One of Debtor's dbas (The Law Offices of Thomas D'Arco) is in Canoga Park, which entitled him to venue in this Division, but his other dba Sayrahan Group, is also located in Riverside. The tenuous foothold of Debtor's law practice was sufficient for the Court to find venue appropriate, but LBR 1071-1 and the Court Manual instruct that the appropriate division is "where the majority of the debtors assets are located based on a book value determination as set forth in Debtor's most current balance sheet." Had the Court and Trustee ever gotten an accurate accounting of Debtor's assets, the determination of venue may have been decided differently. Nevertheless, the dubious issue of venue does weigh towards finding that Debtor misrepresented facts in an attempt to unfairly manipulate the Code.

The Court also notes that the progress of this case was also hindered by Debtor's ongoing appeal of an unfavorable state court judgment against him.  The bankruptcy seemed to be a way for Debtor to prevent judgment creditor Thomas Misik from executing on his judgment, pending the resolution of the appeal.  While this tactic at the time of filing, in and of itself, was not enough to find that Debtor only intended to defeat state court litigation, Debtor's lackadaisical conduct in the subsequent two years that this case had been pending makes it appear less likely that Debtor intended to reorganize his finances in this chapter 13 case.

The weight of the Levitt factors rested on dismissal for bad faith.  The Court is not, however, suggesting that Debtor engaged in unabashed chicanery.  A finding of bad faith does not require fraudulent intent by the debtor.  Neither malice nor actual fraud is required to find a lack of good faith. The bankruptcy judge is not required to have evidence of debtor ill-will directed at creditors, or that debtor was affirmatively attempting to violate the law-malfeasance is not a prerequisite to bad faith.  In re Powers, 135 B.R. 980, 994 (Bankr.C.D.Cal.1991) (adopting the reasoning of In re Waldron, 785 F.2d 936, 941 (11th Cir.1986)).

Motion to Vacate is DENIED.  Trustee to submit order.

###

Date: November 10, 2014

Maureen A. Tighe
United States Bankruptcy Judge